FULMER, Judge.
Terry Denmark appeals the judgments and sentences in three cases encompassing a total of ten counts. Her counsel has filed an Anders[1] brief, which raises a minor sentencing issue on the merits. We affirm.
Denmark pleaded guilty in three cases, encompassing ten charges. At the sentencing hearing, the trial court ordered $450 in court costs, stating, “[A]nd I’ll have the court costs be concurrent so one court cost. That will be a condition of probation.” The court also ordered investigative costs in two of the cases, a $1000 attorney fee, and a $40 indigency fee.
A motion to correct sentencing error was filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), raising numerous challenges to the costs, including that the trial court failed to list the statutory authority for the mandatory costs in writing in each of the three cases. The postconviction court entered an order on April 9, 2007, granting in part and denying in part the motion. The court directed the clerk to strike several of the imposed costs. The court, however, rejected the claim that it failed to list the statutory authority for the mandatory costs in writing.
On appeal, counsel argues that the trial court erred in failing to list the statutory authority for costs in case number 05-20575. We conclude, however, that the record adequately reflects the statutory basis for the costs imposed. The judgment in case number 05-20575 provides: “[Tjotal statutory costs in the amount of $550.00, inclusive of, $2.00 to the Criminal Justice Education Fund, Investigative *1008 Costs in the amount of $100.00 pursuant to 938.27 F.S. These assessments excluding the Investigative Costs, are concurrent with CRC 05-07147CFANO.” The court’s order of April 9, 2007, amended this amount by removing the $100 assessment for investigative costs. This left $450 imposed “concurrent with” 05-07147, which, according to the court, means that the defendant has to pay only once. In case number 05-07147, a Judgment for Fine and Costs was entered specifying the statutory authority for the costs imposed. Thus no error occurred in failing to specify the statutory authority for the costs imposed in 05-20575 because those costs are the same costs imposed in cases 05-07147 and 05-09449.
Affirmed.
DAVIS and KELLY, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).